IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CHIEVY JONES,

    Petitioner,

v.                                           CASE NO. 5:11-cv-0388-RS-GRJ

KENNETH TUCKER,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Doc. 1, a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner seeks habeas corpus relief in connection with his 1997 Duval County convictions for murder, armed robbery, and kidnapping, for which he received a life sentence.   Petitioner previously sought habeas corpus relief from the same convictions pursuant to 28 U.S.C. § 2254.  The Middle District of Florida dismissed that petition with prejudice as time-barred and denied Petitioner's request for a certificate of appealability.  *Jones v. Crosby*, case no. 3:04-cv-412-J-99TEM, Docs. 12, 21 (M.D. Fla. October 5, 2004).  The Eleventh Circuit also denied Petitioner's request for a certificate of appealability.  *Id*. Doc. 30.

When a state prisoner is "in custody pursuant to the judgment of a State court," his petition for a writ of habeas corpus is governed by both § 2241 and the restrictions set forth in § 2254.  *Medberry v. Crosby*, 351 F.3d 1049, 1062 (11th Cir.2003).  In order to file a second or successive § 2254 petition, the petitioner must first obtain an order from the court of appeals authorizing the district court to consider it. 28 U.S.C. § 2244(b)(3)(A).  Absent authorization, the district court lacks jurisdiction to consider a

second or successive petition.  *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir.2003) (addressing a successive motion to vacate under 28 U.S.C. § 2255).

There is nothing in the record that reflects that Petitioner has been granted leave by the Eleventh Circuit to file a second or successive habeas corpus petition, and thus this Court lacks the authority to entertain Petitioner's claims.

In light of the foregoing, it is respectfully **RECOMMENDED** that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, Doc. 1, be **DISMISSED**.

**IN CHAMBERS** this 7th day of December 2011.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**